# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DOLLIE L. WEST,<br><br>*Plaintiff,*<br><br>v.<br><br>CONSTITUTION LIFE INSURANCE COMPANY,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:18-cv-00318-TES |

## ORDER REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

The case is before the Court on a discovery dispute arising after Defendant's removal from the Superior Court of Macon County, Georgia. Upon a review of the record and for the following reasons, the Court sua sponte **REMANDS** the case for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

Plaintiff originally filed suit against Defendant in the Superior Court of Macon County, Georgia, alleging that Defendant failed to pay her benefits under a $30,000 "First Diagnosis of Cancer Insurance" policy that she obtained in November of 2011. [Doc. 1-1]. Plaintiff seeks compensatory damages of $30,000 plus attorney's fees and punitive damages arising from Defendant's alleged bad faith. [*Id.* at p. 4]. Defendant removed the

action to this Court on the basis of diversity jurisdiction. [Doc. 1].[1] In its Notice of Removal, Defendant avers that it is a Texas corporation with its principal place of business in Florida and that Plaintiff is a citizen of Georgia. [*Id.* at ¶¶ 4, 5]. Although Plaintiff requests compensatory damages of only $30,000, Defendant contends that jurisdiction is proper in this Court "because an award of $30,000 in compensatory damages along with an award of punitive damages in an amount any more than 1.5 times as much as the alleged compensatory damages would result in total damages in excess of $75,000, without accounting for any greater award of punitive damages or any award of attorney's fees at all." [*Id.* at ¶ 10].

## **DISCUSSION**

### A. **Standard of Review**

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1331(a)(1). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If the plaintiff does not state a specific amount of damages in her complaint, removal is proper where it is apparent from the face of the complaint that the amount in controversy would exceed $75,000. *Id.* But if the amount in controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may request additional

---

[1] This case does not present a federal question.

evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend[ing] reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)).

Because federal courts are courts of limited jurisdiction, they are obligated to inquire into their own jurisdiction. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court may remand the case sua sponte. 28 U.S.C. § 1447(c); *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017) (citing *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001)). Moreover, removal is generally unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

### B. <u>Punitive Damages</u>

In its Notice of Removal, Defendant argues that Plaintiff's demand for punitive damages and attorney's fees is sufficient to push this case beyond the $75,000 threshold and opines that Plaintiff could receive a punitive damages award 1.5 times the amount of compensatory damages ($30,000). However, the Georgia statute that governs cases

3

concerning an insurer's refusal to pay insurance proceeds limits damages for bad faith to 50 percent of the amount of actual damages, and plaintiffs are not entitled to punitive damages under the statute. *See* Ga. Code Ann. § 33-4-6(a)[2]; *see also Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) ("[P]laintiff's request for both the [50] percent penalty and unspecified punitive damages is at least redundant."); *Stiegel v. USAA Cas. Ins. Co.*, No. 4:16-CV-346 (CDL), 2017 WL 4393871, at *3 (M.D. Ga. Oct. 3, 2017) ("[T]he court in *McCall* [*v. Allstate Ins. Co.*, 310 S.E.2d 513, 516 (Ga. 1984)] held that an insured could not recover punitive damages . . . on its insurer's refusal to pay a covered insurance claim because [Ga. Code Ann. § 33-4-6(a)] limited the available damages to the amount of the claim, an additional percentage of that amount for a bad-faith penalty, and attorney's fees."). Under the statute, Plaintiff's damages for bad faith, if any, would amount to $15,000 at most. Although this raises the amount in controversy to $45,000, it still falls below the statutory requirement for diversity jurisdiction.

C. **Attorney's Fees**

Just as the Court must consider punitive damages when determining the amount in controversy, the Court must also consider a demand for attorney's fees contained in

---

[2] That provision states in relevant part:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

4

the complaint. *Jackson v. American Gen. Fin. Servs., Inc.*, No. 7:06-cv-19 (HL), 2006 WL 997614, at *2 (M.D. Ga. Apr. 17, 2006). Under the statute governing this case, Plaintiff is entitled to recover "all reasonable attorney's fees for the prosecution of the action against the insurer." Ga. Code Ann. § 33-4-6(a). The Court previously determined that actual damages and bad-faith damages would amount, at most, to $45,000 in this case. To push this action over the amount-in-controversy threshold, Plaintiff's attorney's fees would have to be in excess of $30,000. Common sense and the Court's judicial experience dictate that such an award would be highly unlikely given the facts and complexity of this case. *See Roe*, *supra*. However, even if it were theoretically possible that Plaintiff's attorney's fees could exceed $30,000, any doubt should be resolved in favor of remand. *See Whitt*, *supra*.

## CONCLUSION

Accordingly, Court finds that the amount in controversy does not meet the $75,000 minimum threshold and that the Court does not have subject-matter jurisdiction over this case. Therefore, the Court **REMANDS** this action to the Superior Court of Macon County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 31st day of January, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
